UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

DR. WILLIAM ALEXANDER,              )
                                    )
        Plaintiff,                  )
                                    )   No. 1:09-CV-27
v.                                  )
                                    )   Chief Judge Curtis L. Collier
PROVIDENT LIFE AND ACCIDENT         )
INSURANCE COMPANY,                  )
                                    )
        Defendant.                  )

**MEMORANDUM**

Before the Court is Dr. William Alexander's ("Plaintiff") motion to certify interlocutory appeal and for expedited ruling (Court File No. 27) and Provident Life and Accident Insurance Company's ("Defendant") response in opposition to this motion (Court File No. 28). Plaintiff asks this Court to modify its summary judgment order from October 16, 2009 (Court File No. 24) ("Order"), and certify this matter for interlocutory appeal. Plaintiff asserts whether or not his claims are governed by Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA") is a controlling question of law, upon which there is a substantial ground for difference of opinion, and certification will allow the Sixth Circuit to "clarify the holdings" of two of its prior decisions. Specifically, Plaintiff seeks certification on whether ERISA continues to govern his policy after the original risk group was terminated. For the reasons discussed below, the Court will **DENY** Plaintiff's motion (Court File No. 27).

As a threshhold matter, interlocutory appeals in the federal system are generally disfavored. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368 (1981); *Sinclair v. Schriber*, 834 F.2d 103,

105 (6th Cir. 1987). "Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule." *Caterpillar v. Lewis*, 519 U.S. 61, 74 (1996). Exceptions to the final judgment rule, embodied in 28 U.S.C. § 1291, exist, but typically require extraordinary circumstances. *W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis (In re City of Memphis)*, 293 F.3d 345, 350 (6th Cir. 2002). The party seeking an interlocutory appeal has the burden of showing exceptional circumstances exist warranting an interlocutory appeal. *Coming Up v. City & County of San Francisco*, 857 F. Supp. 711, 718 (N.D. Cal. 1994). "Attractive as it may be to refer difficult matters to a higher court for an advance decision, such a course of action is contrary to our system of jurisprudence." *Trollinger v. Tyson Foods, Inc.*, No. 4:02-CV-23, 2006 WL 2868980 at * 3 (E.D. Tenn. Sept. 29, 2006) (citing *Gen. Acquisition, Inc. v. GenCorp,* 23 F.3d 1022, 1026 (6th Cir. 1994)).

Three criteria must be satisfied to warrant the extraordinary and disfavored relief of an interlocutory appeal under 28 U.S.C. § 1292(b). *In re City of Memphis*, 293 F.3d at 350. The question must involve a controlling issue of law; there must be a substantial ground for difference of opinion; and an immediate appeal may materially advance the ultimate termination of litigation. *Id.* Whether or not ERISA governs Plaintiff's claims involves a controlling issue of law. *Santino v. Provident Life & Acc. Ins. Co.*, 276 F.3d 772, 774 (6th Cir. 2001) ("The district court's ruling ERISA preempts [plaintiff's] state law claims is a legal conclusion."). However, Plaintiff has not shown a substantial ground for difference of opinion or how an immediate appeal would materially advance the termination of litigation.

Rather than point to controlling authority contrary to the Court's decision, Plaintiff repeats

2

arguments that were previously addressed in the Court's Order. Plaintiff contends *Waks v. Empire Blue Cross*, 263 F.3d 872, 876 (9th Cir. 2001), supports his claim the anomaly of disparities within the same policy does not extend to disparities in the governing law depending on the time period. This Court previously distinguished *Waks* in its Order, as it involved a converted policy and Plaintiff's continued payments after he left his employer did not "effectuate a conversion" (Court File No. 28, p. 5). A subsequent case from the Ninth Circuit, supports the Court's finding the ERISA status of an employee benefit plan is determined at the time the plan is established, regardless of whether the plan participants change. *In re Stern,* 345 F.3d 1036, 1041 (9th Cir. 2003). Further, this Court, in reaching its decision relied on controlling and relevant authority from the Supreme Court and the Sixth Circuit. *Yates v. Hendon*, 541 U.S. 1, 16-17 (2004); *Helfman v. GE Group Life Ass. Co.,* 573 F.3d 383 (6th Cir. 2009).

Plaintiff has not demonstrated a substantial ground for difference of opinion. Plaintiff instead seeks this appeal to allow the Sixth Circuit "to clarify the holdings of" *Bates v. Provident Life & Accident Ins. Co.,* 596 F. Supp. 2d 1054 (E.D. Mich. 2009), and *Falcone M.D. v. Provident*, No. 2:08-CV-300, 2009 WL 2869988 (S.D. Ohio Sept. 9, 2009) (Court File No. 27, pp. 3-5). Asking the Sixth Circuit to "expound on both the *Falcone* and *Bates* decisions" does not satisfy the substantial ground requirement under 1292(b). *See Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Michigan*, No. 04-73400, 2009 WL 3390244 (E.D. Mich. Oct. 20, 2009) (noting "[s]erious doubt as to how an issue should be decided must exist in order for there to be substantial ground for difference of opinion."); *Hurley v. Deutsche Bank Trust Co. Americas*, No. 1:08-CV-361, 2009 WL 1067314 at *3 (W.D. Mich. Apr. 21, 2009) ("the substantial ground requirement has been characterized as genuine doubt or conflicting precedent as to the correct legal standard.").

3

The differences cited by Plaintiff in the *Falcone* and *Bates* decisions are analyzed in this Court's Order and do not present the substantial ground for difference of opinion necessary for certification. Essentially, Plaintiff is challenging this Court's application of law to the facts rather than presenting a case where there are substantial disputes as to the applicable law, therefore the second requirement of § 1292(b) is not satisfied. *Novacor Chemicals v. GAF Corp.*, 164 F.R.D. 640, 648 (E.D. Tenn. 1996).

Plaintiff does not offer support for his contention an immediate appeal would materially advance the ultimate termination of litigation. An appeal may satisfy this requirement if it "save[s] judicial resources and litigant expense." *W. Tenn. Chapter*, 138 F. Supp. 2d at 1026. Having determined Plaintiff's claims are governed by ERISA, Plaintiff has been given leave to amend his complaint. Thereafter, the parties will be scheduled for a hearing. Certifying for an appeal at this stage would not materially advance the litigation and would instead result in substantial delay. *See Kraus v. Bd.. of County Rd. Comm'rs for Kent County*, 364 F.2d 919 (6th Cir. 1966) (denying leave to appeal as "many months would be required before the case would be reached for argument . . . if we grant the appeal and then should affirm the order of the district court," the "case would be remanded to be decided on its merits . . . . On the other hand, it would appear that only a few days would be required for jury trial and final disposition of the case . . . [this is preferable and] would avoid a piecemeal appeal").

Plaintiff has failed to present compelling grounds to support this Court's taking the extraordinary action of certifying this issue for interlocutory appeal. Therefore, the Court will **DENY** Plaintiff's motion to certify for interlocutory appeal (Court File No. 27).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**